**ROBBINS et al. v. JORDAN.**
No. 10140.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 18, 1950.

Decided April 3, 1950.

Mr. Douglas A. Clark, Washington, D. C., with whom Mr. Charles H. Quimby, Washington, D. C., was on the brief, for appellants.

Mr. John R. Daily, Washington, D. C., with whom Messrs. H. Mason Welch and J. Harry Welch, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, CLARK and FAHY, Circuit Judges.

CLARK, Circuit Judge.

The court below directed a verdict in favor of the defendant at the close of the plaintiffs' case. The plaintiffs have prosecuted this appeal to test the validity of that judgment.

The action sounds in tort for malpractice. The plaintiffs claim negligence on the part of Dr. Jordan in that he failed to take pelvic measurements of Mrs. Robbins at the proper time and as a result a normal birth was attempted when timely measurements would have indicated to a practitioner of average skill and knowledge in this locality that a Caesarean operation was necessary. The husband asks damages for loss of services and consortium while Mrs. Robbins asks compensation for certain resulting injuries including pain and suffering.

The principal error assigned by the appellants to the proceedings below involves the failure of the trial judge to allow them to amend their pleadings in order to introduce evidence to the effect that the defendant held himself out to them as a specialist in obstetrics.

The complaint alleged that the defendant was a "duly licensed physician practicing medicine in the District of Columbia and

holding himself out to the general public, including the plaintiffs, as a practicing physician, and a doctor of medicine, and one well qualified in the treatment of disorders and diseases of women." But the court ruled that these allegations were not broad enough to permit proof that the defendant had represented himself to the plaintiffs as an obstetrician. After this ruling the appellants sought permission to amend their complaint so as to enable them to introduce the evidence, but the court again ruled against them and disallowed the amendment.

There can be no question that the plaintiffs were prejudiced by these rulings. Instead of being able to proceed on the theory that the defendant was a specialist and was therefore held to a standard of care and skill normally exercised by such specialists, they were compelled to try their case on the theory that the duty owed them by the defendant was to be measured by that standard of skill and knowledge required of a general practitioner. That the standard of care and skill required of the specialist in obstetrics is stricter than that required of the general practitioner is demonstrable from the record. Take for example the testimony of the roentgenologist who examined Mrs. Robbins with reference to the anticipated delivery of her second child.[1] He stated on cross-examination that in his experience, since 1930, no general practitioner had resorted to the use of pelvimetry.[2] And yet since he testified that he had made a great many thousand of such measurements, it is reasonable to suppose that they were made at the behest of specialists.

Having found that the court's refusal to grant the plaintiffs leave to amend their complaint worked to their prejudice, the only other problem for us to decide,[3] therefore, is whether or not the learned trial judge exceeded the limits of his discretion in so refusing. Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides in part: "* * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

As was said in International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 1941, 121 F.2d 561, 563: "The Supreme Court of the United States has fixed the limits of permissible amendment with increasing liberality and has ruled that a change of the legal theory of the action is no longer accepted as a test of the propriety of a proposed amendment * * * Rule 15 of the Rules of Civil Procedure * * * expresses the same liberality with respect to the amendment of pleadings."

Amendments under Rule 15(b) are, as a general rule, allowed with great liberality, Federal Deposit Ins. Corp. v. Siraco;[4] Watson v. Cannon Shoe Co;[5] Newman v. Zinn;[6] Pearl Assur. Co., Ltd., v. First Liberty Nat. Bank.[7] In Watson v. Cannon Shoe Co. the situation bore a great similarity to the one before us here. The plaintiff brought an action against the defendant for the slanderous words of its agent on the theory that they were spoken within the scope of the agent's authority. At trial he attempted to show ratification by the defendant. Alabama, where the slanderous words were spoken, follows the minority rule, requiring that the slander must be

1. The second child was delivered by Caesarean section.

2. The measurement of the female pelvis by X-ray.

3. Although we do not necessarily mean to imply that we agree with the trial judge that the allegations of the complaint are not broad enough to permit in proof that the defendant held himself out as a specialist in obstetrics, we prefer to decide this case on other grounds.

4. 2 Cir., 1949, 174 F.2d 360.

5. 5 Cir., 1948, 165 F.2d 311.

6. 3 Cir., 1947, 164 F.2d 558.

7. 5 Cir., 1944, 140 F.2d 200.

either authorized or ratified by the principal before the words of the agent would be considered actionable against it. The trial court refused to allow evidence of ratification on the ground that it was outside the pleadings and declined to permit the plaintiff to amend his complaint. The court of appeals held that the proposed amendment did not constitute a new cause of action; it merely related to the mode and manner of proof required to establish the slander. It went on to say: "It was, of course, within the sound discretion of the court to penalize plaintiff for any lack of diligence by taxing him with costs. The court could have also granted the defendant a continuance if desired, and if advised that the defendant was not prepared to meet the issue as made by the new amendment * * * We are of the opinion, and so hold, that the trial court's refusal to allow an amendment, under Rule 15(b), was clearly erroneous." 165 F.2d page 313.

And in Federal Deposit Ins. Corp. v. Siraco, where the plaintiff's attempt to show payment under a plea of general denial to a counterclaim for certain deposits was disallowed by the trial court, that ruling was reversed on the ground that the court should have permitted the pleadings to be amended pursuant to Rule 15(b).

In the instant case the amendment proposed by the plaintiffs did not state a new cause of action. It simply altered the theory of their case. The only reason for denying the proposed amendment was stated by the lower court in the following discussion which was had at the beginning of the trial.

"The Court: Well, I think that would come too late, because that prejudices the defendant in his defense.

"Mr. Quimby: The case has not started.

"The Court: I know, but I am assuming that, being the type of lawyer that I know Mr. Daily is, he has prepared his defense. If the plaintiff is going to change his theory of the case, then he is in a position where he ought to be protected from going foreward on a change of theory."

■■ There can be no question that a defendant should be protected from surprise resulting from a change of theory; but it is our opinion that the court erred in the method it chose to protect him. The proper procedure would have been to grant the defendant a continuance in order to meet the new evidence. But it was beyond the limits of its judicial discretion to refuse to allow the amendment.

The appellee argues, however, that since the trial court directed a verdict in his favor on the two alternative grounds that (1) there was insufficient evidence to establish negligence, and (2) there was no evidence to show that the alleged act of the defendant was the proximate cause of the injuries complained of by the plaintiffs, even assuming negligence on the part of the defendant, the plaintiffs have still failed to present a case on which they would be entitled to go to the jury. But a careful examination of the record fails to sustain the contention that the court directed the verdict on the ground of lack of evidence of proximate causality as well as on failure to establish negligence. On the contrary, it is quite clear that the sole ground on which the court acted was failure of the plaintiffs to establish negligence. It is not, therefore, for us to decide in the first instance whether or not the evidence was such as to send the case to the jury on the question of proximate causality. This is a question on which the trial court should pass initially.

Numerous other objections are raised by the appellants to the proceedings below, but, in view of our decision that the case should be reversed and remanded for a new trial with directions to the lower court to permit the plaintiffs to amend the complaint, it is not necessary for us to discuss them at this time, and we accordingly express no opinion thereon.

Reversed and remanded.