HALL ET AL. *v.* BUNN ET AL., APPELLEES;
FORD MOTOR COMPANY, APPELLANT.

[Cite as Hall *v.* Bunn (1984), 11 Ohio St. 3d 118.]

(No. 83-961—Decided June 13, 1984.)

Mr. *Timothy L. Timmel,* for appellees.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. Joseph W. Gelwicks,* for appellant.

J. P. CELEBREZZE, J. In reversing the judgment below, the court of appeals held that a pretrial motion *in limine* is not a proper vehicle for making a final determination as to the admissibility of evidence. In their briefs the parties also advanced arguments concerning this point.

Upon reviewing the record before us, however, we are compelled to conclude that this particular issue need not be addressed. Rather, this case must be resolved within the context of Civ. R. 15(B).

Civ. R. 15(B) concerns the amendment of pleadings to conform to the evidence, and states:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of

these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.''

The rule expresses a liberal policy toward the allowance of amendments. *Burton* v. *Middletown* (1982), 4 Ohio App. 3d 114, 120. See, also, *Deakyne* v. *Commrs. of Lewes* (C.A. 3, 1969), 416 F. 2d 290, 298; *Robbins* v. *Jordan* (C.A. D.C. 1950), 181 F. 2d 793, 794, interpreting Fed. R. Civ. P. 15(b).[1] As one court has noted, "Rule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin* v. *Manitowoc-Forsythe Corp.* (C.A. 10, 1982), 691 F.2d 449, 456.

Broadly speaking, there are two types of amendments provided for under the rule. The first applies when the parties have expressly or impliedly consented to the trial of issues not contained in the pleadings. The precise circumstances under which this occurs are discussed in *State, ex rel. Evans,* v. *Bainbridge Twp. Trustees* (1983), 5 Ohio St. 3d 41.

A second type of amendment may arise where there is an objection to the evidence offered on grounds that it is not within the issues framed by the pleadings. It is this portion of the rule, not previously addressed by this court, which concerns us here.[2]

Civ. R. 15(B) provides that in the event there is an objection to evidence on the ground that it is outside the pleadings, the court may allow the pleadings to be amended and in fact *shall* do so freely if the following criteria exist: (1) the presentation of the case's merits will be subserved thereby, and (2) the objecting party does not satisfy the court that admission of the evidence would prejudice him in maintaining his case upon the merits.

In the case at bar, appellees' third-party complaint related exclusively to the design and operation of the replacement master brake cylinder. A few days before trial, O'Brien indicated an intent to introduce evidence pertaining to defects in the design of the service brake and parking brake systems of the original Ford F600 truck. Clearly, such evidence did not conform to the issues raised by the pleadings.

Applying the analysis prescribed by Civ. R. 15(B) there is no question but that the disputed evidence would have aided in the presentation of the merits of appellees' case. It was probative of the basic issue involved in this case,

---

[1] Fed. R. Civ. P. 15(b) is virtually identical to its Ohio counterpart.

[2] Although the record does not indicate that appellees actually filed a motion to amend the third-party complaint, the possibility of such amendment was logically presented in light of appellant's motion *in limine.*

namely, the cause of the accident. More importantly to appellees, it concerned the potential liability of Ford for the accident.

The only issue remaining to be addressed under Civ. R. 15(B) then, is whether appellant made a sufficient showing that admission of the evidence would have prejudiced it from maintaining its defense upon the merits. A resolution of this issue depends upon an understanding of the term "prejudice."

Under Civ. R. 15(B), in order to justify the exclusion of evidence on the basis of prejudice, the objecting party must satisfy the court that admission of such evidence will put him to serious disadvantage in presenting his case. *Hodgson* v. *Colonnades, Inc.* (C.A. 5, 1973), 472 F. 2d 42, 48; *Deakyne* v. *Commrs. of Lewes, supra,* at 300; *Iodice* v. *Calabrese* (S.D. N.Y. 1972), 345 F. Supp. 248, 259. See, generally, 6 Wright & Miller, Federal Practice & Procedure (1971) 480, Section 1495; 3 Moore, Federal Practice (1978) 15-180 and 15-181, Paragraph 15.14; Annotation (1974), 20 A.L.R. Fed. 448, 454, Section 3.

Mere surprise is generally rejected as a basis for exclusion. See, *e.g., Southern Coast Corp.* v. *Sinclair Refining Co.* (C.A. 5, 1950), 181 F. 2d 960, 962; *Robbins* v. *Jordan, supra,* at 795; *Conry* v. *Baltimore & O. RR. Co.* (W.D. Pa. 1951), 95 F. Supp. 846, 849, reversed on other grounds (C.A. 3, 1952), 195 F. 2d 120. In determining whether surprise actually exists, the extent to which the objecting party had knowledge of the disputed evidence is often considered. See, *e.g., Deakyne* v. *Commrs. of Lewes, supra,* at 299; *Thomas* v. *American Cystoscope Makers, Inc.* (E.D. Pa. 1976), 414 F. Supp. 255, 267; *Federal Mut. Ins. Co.* v. *Deal* (S.D. W.Va. 1965), 239 F. Supp. 618, 621.

Moreover, even in the event an objecting party is not prepared for evidence offered outside the pleadings the court may still allow an amendment under Civ. R. 15(B) and grant a continuance to enable the objecting party to meet the new evidence. *Hardin* v. *Manitowoc-Forsythe Corp., supra,* at 457; *Hodgson* v. *Colonnades, Inc., supra,* at 48, fn. 10; *Deakyne* v. *Commrs. of Lewes, supra,* at 299; *Robbins* v. *Jordan, supra,* at 795; *Southern Coast Corp.* v. *Sinclair Refining Co., supra,* at 962; *Watson* v. *Cannon Shoe Co.* (C.A. 5, 1948), 165 F. 2d 311, 313. The delay which results does not entail a sufficient basis upon which to deny the amendment. *Deakyne* v. *Commrs. of Lewes, supra,* at 300, fn. 19.

In the matter at hand, the essence of appellant's motion to exclude the disputed evidence was its claim of surprise in that the pleadings and discovery had been confined to other issues. On this basis appellant argued that it did not have sufficient time before the scheduled trial to prepare an adequate defense.

We must first note that appellant's allegation as to the scope of the parties' discovery is not entirely borne out by the facts. Two experts and an auto mechanic who examined the truck were asked in deposition as to the role of

the parking brake in the accident. Appellant's own expert was questioned by appellant's attorney in some detail on this point. Therefore, the issue of defective design in the original truck was not completely outside the scope of discovery.

Further, even if the proposed evidence had not been suggested in the parties' discovery, there would still be insufficient reason to warrant its exclusion. The record does not indicate the existence of any practical or other difficulties on appellant's part which could not have been overcome by a continuance. Accordingly, the court of appeals was correct in overruling the granting of appellant's motion to exclude the evidence.

We finally note the contention advanced by appellant that appellee Bunn cannot object to the trial court's ruling on the motion *in limine* as he failed to oppose the motion at the trial level. Civ. R. 46 provides that whenever a matter has by any means been called to the attention of the trial court and the court has ruled thereon, no further exception for purposes of review is required. Accordingly, we do not find merit in this argument.

For all the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, GREY, HOLMES and C. BROWN, JJ., concur.

GREY, J., of the Fourth Appellate District, sitting for LOCHER, J.