## Cornell
## v.
## Parsons Coal Co., Inc.
*[Cite as 4 AOA 233]*

*Case No. 89-C-12*
*Columbiana County, (7th)*
*Decided June 7, 1990*

*Allen Schulman, Jr., 636 Citizens Savings Bldg., Canton, Ohio 44702, for Plaintiffs-Appellants.*

*Jeffrey Embleton, 55 Public Square, Suite 2150, Cleveland, Ohio 44113-1994, for Defendants-Appellees.*

O'NEILL, P.J.

This matter came to trial upon an amended complaint filed by the plaintiffs-appellants. The plaintiff, Allen Cornell, alleged in the complaint that he had been employed by the defendants as a longshoreman to load bundles of steel pipe on barges located on the Ohio River. He went on to allege that, during the course of his employment, an accident occurred wherein he was seriously injured. He went on to alleged that "as a direct

result of said intentional, malicious, willful, wanton, grossly negligent, negligent and careless acts, * * *", he had sustained those grievious injuries. At all times preceding the trial, it was made obvious, by various papers filed by the plaintiffs, that they were proceeding on the intentional tort doctrine of Ohio. In a brief filed December 5, 1988, relative to testimony of an expert's witness, as authority for an argument contained in their brief, the plaintiffs-appellants made reference to the case of *Blankenship* which, very specifically, deals with intentional torts.

During opening statement, counsel for the appellant stated to the jury that there were various questions which had to be answered in disposition of the case at hand. He then went on to state:

"Question number two is, 'Was Parsons negligent?' Did they fail to use reasonable care?" (Tr. 31).

At that point, counsel for the defendant-appellee raised an objection, stating to the judge that "* * * that's not an issue in this case. This is an intentional tort case." (Tr. 32). The trial judge sustained the objection. Counsel then approached the bench and, during the discussion with the judge, counsel for the plaintiffs-appellants stated to the judge that in their amended complaint "* * * we have alleged negligence, intentional tort it is the burden of the Defendants to raise affirmative defenses to those allegations." (Tr. 32). Counsel for the plaintiffs-appellants went on to state further "Okay, we have alleged that there is a claim for negligence. That Mr. Cornell was doing longshoring work, which I think was agreed to, he was loading a barge. That since he was loading a barge it falls under the Longshoreman Harbor Workers Act Statute. Under that statute he is entitled to make a claim against his employer for negligence." (Tr. 32-33). The trial judge then stated to plaintiffs' counsel that the case had been pending for two years under the substance that it was an intentional tort case "* * * and that's what we're going to try it on" (Tr.33). After the completion of opening statements, the trial judge heard further argument relative to the plaintiffs-appellants' desire to proceed not only on the theory of intentional tort but also on the theory of simple negligence under the Longshore and Harbor Workers Compensation Act. As a part of this discussion, counsel for the defendant-appellee argued to the court "Pleadings a lot of times contain theory after theory, after theory, but to come into court after Voir Dire and midway in Opening Statement, and for the first time espouse a new theory is simply too late. We're not prepared to even defend something like that at this point.* * * We're here to defend an intentional tort case." (Tr. 51). In response to arguments, the trial judge again stated:

"Well, unfortunately for the Plaintiff I agree with defense counsel. We will try this case solely on the issue of intentional tort under Ohio Law." (Tr. 53).

The matter came on for further discussion during the plaintiffs-appellants' side of the case. At that point the trial judge stated:

"--well, correct me, first of all I don't believe that's what defense counsel said. I don't think they indicated they never heard of the Act. I think they indicated that they weren't aware that that was the theory that you were proceeding on. And certainly this Court wasn't aware until yesterday, at least I don't recall ever being made aware, and that's -- I think that what defense counsel was telling me.

"* * *

"--secondly, secondly I'm not sure that the Longshoremen's Act provides for a negligence action. As I recall you reading of the Act yesterday, you said that if the --if the plaintiff was not covered by the Longshoremen's Act, there was no compensation provided under that Act by the employer, and as I understand Ohio Law that can be through our Workers' Compensation system that he could proceed at law or admiralty with his claim. And at law, I believe, under--if it's--I don't believe there is any federal common law on negligence, you can correct me if I'm wrong, so at law is under Ohio Law, and at law in Ohio was the intentional tort theory." (Tr. 145-147).

Following further discussion by plaintiffs' counsel, the trial judge stated:

"Well, you may be a hundred percent correct about that, Mr. Lipcon, but you're going to have to take that up with the Court of Appeals. We are going to try this case solely on the issue of intentional tort under Ohio common law.

"First of all, I resent as a Judge, and Mr. Schulman can correct me if I'm incorrect, but I believe the first time I heard we were going to proceed on that theory was yesterday. Now you know darn well that I'm not an expert in admiralty law. Certainly a little help along that line would have been warranted. I--I believe the defendants when they say they were surprised yesterday.

"Now I grant that the rules indicate that this case can be tried by consent on issues not

raised in the pleadings, your issue of negligence is raised in the pleading but this isn't a game. This is not one upmanship or one gamesmanship in those types of matters. You know, we've had a number of pre-trials, this case has been pending for a number of years and I think everyone was surprised yesterday, including me." (Tr. 152-153).

In reference to surprised, the trial judge went on to state "--I think misled is a better term" (Tr. 154).

It is obvious from a review of defense counsel's arguments and the trial judge's rulings that the plaintiffs-appellants were barred from proceeding under the Longshoremen's and Harbor Workers Compensation Act because defense counsel and the trial judge all felt that they were surprised at a sudden injection of that theory into the case.

The Ohio Rules of Civil Procedure, specifically Civ. R. 15, allow amendments to pleadings when justice requires or when necessary to conform to the evidence. The rule expresses a liberal policy towards the allowance of amendments, and was promulgated to provide the maximum opportunity to each claim to be decided on its merits rather than on procedural niceties.

Mere surprise is generally rejected as a basis for exclusion of evidence under Civ. R. 15(B).

"* * *even in the event an objecting party is not prepared for evidence offered outside the pleadings the court may still allow an amendment under Civ. R. 15(B) and grant a continuance to enable the objecting party to meet the new evidence. * * * The delay which results does not entail a sufficient basis upon which to deny the amendment." *Hall* v. *Bunn* (1984), 11 Ohio St. 3d 118, 122.

"1. Under Civ. R. 15(B), in order to justify the exclusion of evidence on the basis of prejudice, the objecting party must satisfy the court that admission of such evidence will put him to serious disadvantage in presenting his case.

"2. In the event an objecting party is not prepared for evidence offered outside the pleadings, the court may still allow an amendment under Civ. R. 15(B) and granting a continuance to enable the opposing party to meet the new evidence." *Hall* v. *Bunn* (1984), 11 Ohio St. 3d 118, Syl. 1 and 2.

In the interest of justice and under the facts of this case, the trial judge should have permitted the plaintiffs-appellants to pursue their case under the Longshoremen's and Harbor Workers Compensation Act in addition to their case under the theory of intentional tort. Recognizing that the defendant-appellant was probably not prepared to defend relative to the Longshoremen's case, the court should have and could have granted a continuance for such preparation.

It is our conclusion that the exclusion of evidence relative to the Longshoremen's Compensation Act was prejudicial error. We recognize that the issue of intentional tort was tried to a jury and a verdict was returned in favor of the defendant. That part of the judgment is affirmed for we find that the prejudicial effects of the trial court's ruling had nothing to do with that portion of the case. This cause is remanded to the trial court for a trial relative to the plaintiffs-appellant's proposed cause of action under the Longshoremen's and Harbor Workers Compensation Act.

*Judgment affirmed in part, reversed in part, and cause remanded.*

DONOFRIO, J., and COX, J., concur.