DECISION AND JUDGMENT ENTRY
This is an administrative appeal from a judgment of the Lucas County Court of Common Pleas, entered on a jury verdict that affirms the decision of the Ohio Bureau of Workers' Compensation. In his decision, a staff hearing officer for the bureau found that appellant, James P. Patterson, was not entitled to participate in the Ohio Workers' Compensation Fund for the conditions of "herniated disc a L5-S1 with nerve root involvement" and "small bowel ileus."
Appellant contends that the following errors occurred in the proceedings below:
 "I. The trial court committed pre-judicial error in refusing to allow any reference to the allowed conditions of Mr. Patterson's claim.
 "II. The trial court committed pre-judicial error in failing to respond to the jury's question as to whether it could find in favor of Mr. Patterson if it found that Mr. Patterson did have a disc bulge.
 "III. The trial court committed pre-judicial error as a matter of law in denying Mr. Patterson's oral motion to amend the pleadings to conform to the evidence, by indicating that he sought allowance of his claim for `disc bulge.'"
In October 1996, appellant was working for Industrial Power Systems, Inc., as an ironworker when he was struck by a service van and thrown over a low wall into a truck pit. He fell approximately three feet, landing on his right shoulder, neck and head. As the result of the accident, appellant filed a claim with the Ohio Bureau of Workers' Compensation. The claim was allowed for the following conditions: "Contusion of back; right elbow contusion; right elbow abrasion, right lower leg abrasion; right gluteus maximus contusion, right intercostal muscle contusion; contusion right upper limb; aggravation of pre-existing osteoarthritis right upper arm; aggravation of pre-existing osteoarthritis right shoulder; aggravation of pre-existing cervical spondylosis." At the time of the accident, appellant was fifty-eight years old.
Appellant never returned to work. In 1999, he filed additional claims for conditions allegedly arising from his 1996 accident. The first condition was a "pain disorder" involving "psychological factors and general medical depression and depression." The second claimed condition was described as a disc herniation L5-S1 with nerve root displacement and small bowel ileus stemming from epidural steroid injections received for the low back."
The claimed conditions were allowed by the district hearing officer; however, Industrial Power System, Inc., appealed that determination and the staff hearing officer rendered a decision allowing workers' compensation benefits for the psychological condition but denying benefits for the physical conditions. The Industrial Commission of Ohio refused appellant's appeal of the staff hearing officer's decision. Appellant therefore filed a complaint in the common pleas court naming his employer and appellee, James Conrad, Administrator of the Ohio Bureau of Workers' Compensation, as defendants-appellees.
The following relevant facts were adduced during the trial of this matter. It is undisputed that appellant neither mentioned nor was he treated for low back pain immediately following the accident in October 1996. Indeed, even though appellant maintained that he had low back pain from "Day 1" after the accident, the report of the attending physician who examined appellant on October 1, 1996 states that he denied the existence of any abdominal or low back pain. Her examination of appellant's back indicated that it was "unremarkable" and that appellant was therefore removed from the "back board."
Daniel J. Hoffman, M.D., a family practitioner, testified that he first began treating appellant in January 1998. However, appellant did not mention any problem with back pain at that point in time. In February 1999, appellant complained of low back pain allegedly related to the October 1996 accident. Dr. Hoffman referred appellant to a neurosurgeon and ordered an MRI (Magnetic Resonance Imaging). The report states that the MRI revealed a "large left para-central disc bulge present at L5-S1, which is associated with some nerve root displacement." In his testimony, Dr. Hoffman indicated that the terms "herniated disc" and "bulging disc" are used "fairly synonymously."
Appellant's condition was treated with a series of three epidural steroid injections inserted into his lower back. After the third injection, appellant was admitted to the hospital and diagnosed as having a small bowel ileus, a disorder in which the small bowel stops functioning. Dr. Hoffman testified that the epidural steroid injection caused the small bowel ileus and that the injections were necessary due to appellant's "herniated disc" which, in turn was caused by the October 1, 1996 employment related accident. Dr. Hoffman therefore opined to a reasonable medical certainty that there was a direct causal connection between the small bowel ileus and the accident.
Gerald W. Sutherland, M.D., an orthopedic surgeon who conducted an independent medical examination of appellant, testified as to the difference between a herniated disc and a disc bulge. According to the doctor, a disc contains nucleus pulposus, a gelatinous material. He testified that if the outer covering of the disc, the annulus fibrosis, ruptures and the nucleus extrudes, the patient has a herniated disc.
On the other hand, Dr. Sutherland described a "disc bulge" as a weakening of the disc that is frequently seen as a person ages. As the disc degenerates, it weakens and bulges. As opposed to a herniated disc, however, the nucleus pulposus remains inside the bulge. Dr. Sutherland stated that almost one hundred percent of the people who are over the age of sixty have disc bulges. He was adamant about the fact that a herniated disc and a disc bulge are two different medical conditions.
Dr. Sutherland performed an extensive medical examination of appellant and reviewed his medical records. He concluded that the MRI showed a disc bulge, rather than a herniated disc, and reflected degenerative changes in the spine due to appellant's age, weight (245 pounds), and his diabetes. In Dr. Sutherland's opinion, an epidural steroid injection into the lumbar area could not have resulted in a small bowel ileus because the small bowel is controlled by nerves from the thoracic, not the lumbar, region of the back.
At the close of all evidence, the trial court gave the jury its instructions. The judge stated, without objection from appellant, that the jury must determine, by a preponderance of the evidence, whether appellant was entitled to participate in the Ohio Workers' Compensation Fund for the following conditions: "herniation of the disc at L5-S1 with nerve root displacement and for small bowel ileus stemming from epidural steroid injections received for the low back." The two verdict forms also specified that the conditions allegedly arising from the October 1, 1996 workplace accident were "disc herniation at L5-S1 with nerve root displacement" and "small bowel ileus stemming from epidural steroid injections received for the low back," respectively.
Sometime after the jury retired to deliberate, the jurors posed three questions for the judge to answer. The question material to this appeal was whether they could find in favor of appellant if they determined that he had a disc bulge rather than a herniated disc. During an off-the-record discussion, appellant apparently requested permission to amend his complaint to add the condition of a disc bulge. On the record, the trial court held that the trial was conducted on the basis of a herniated disc alone and denied appellant's request. With regard to the jury's question, the court replied that it could not answer that question and referred the jury to the language on the verdict form.
The jury returned verdicts in favor of appellee. However, the answer to the only interrogatory given to the jury, indicates that the jurors decided that appellant's condition was not "caused primarily due to natural deterioration." After the trial court entered judgment on the jury verdicts, appellant filed a timely motion for a judgment notwithstanding the verdict or a new trial, which was denied by the common pleas court. This appeal followed.
In his Assignment of Error No. I, appellant asserts that the trial court erred in sustaining objections to references to his previously allowed conditions as not being relevant to the case before it. Appellant maintains that the preclusion of this evidence was prejudicial because it effectively barred him from providing facts essential to the issue of why the back condition was not recognized or documented at a time closer in proximity to his employment related injury.
Appeals of actions of the Industrial Commission of Ohio or the Ohio Bureau of Workers' Compensation are governed by R.C. Chapter 4123. Under R.C. 4123.512, decisions of the commission[1] concerning the right of an employee to participate in the state's workers' compensation fund may be appealed to a court of common pleas. Such appeals are governed by the Ohio Rules of Civil Procedure. See R.C. 4123.512(E). They are subject to de novo review by the common pleas court. Zuljevic v. Midland-Ross
(1980), 62 Ohio St.2d 116, 118. Thus, upon the filing of a notice of appeal, the action proceeds like any other civil action.
Evid.R. 401 defines "relevant evidence" as evidence that having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. A trial court has broad discretion in applying the rules of evidence to determine whether evidence is relevant and therefore generally admissible. Krischbaum v. Dillon (1991),58 Ohio St.3d 58, 66.
A trial court's determination of the admissibility of relevant evidence cannot be disturbed unless the trial court abuses that broad discretion and, consequently, the party affected by the abuse suffers material prejudice. Id. Therefore, an appellate court may only overturn a trial court's evidentiary ruling if that ruling was unreasonable, arbitrary, or unconscionable. Calderon v. Sharkey (1982), 70 Ohio St.2d 218, 219-220.
We start with the proposition that the ultimate and only issue for the jury to decide in the instant case was whether appellant was entitled to participate in the state workers' compensation fund for the conditions of a herniated disc at L5-S1 and a small bowel ileus. In order to prevail on his claim, he was required to demonstrate that those injuries were "received in the course of, and arising out of" his employment. Bashorev. Adia Temporary Services (Dec. 18, 1996), Shelby App. No. 17-96-9. The fact that there were previously allowed conditions was not an issue and were therefore not relevant to the ultimate issue in this case. Id. See, also, Evans v. TNT Holland Motor Express (July 10, 1997), Cuyahoga App. Nos. 71391 and 71516. Moreover, the jury had knowledge of the previously allowed conditions through not only the opening statements of his trial counsel and opposing counsel, but also in the jury instructions provided by the court. Thus, his cause was not materially prejudiced by the court's exclusion of testimony concerning those conditions.
Finally, we note that appellant's reliance on Evans to support his argument is misplaced. In Evans, the issue was whether the trial court abused its discretion in allowing reference to a previously allowed claim for lumbosacral strain. The Eighth District Court of Appeals agreed, in essence, that the mention of the previously allowed condition in the court's jury instructions was not relevant to the ultimate issue of whether the claimant was entitled to workers' compensation benefits for the conditions of "aggravation of preexisting degenerative disc disease of the lumbar area and disc protrusion at L-4-5 and L5-S1." Nevertheless, the Evans court determined that the jury instructions, when viewed as a whole, required the jury to reach the ultimate issue in the case, that is, whether the claimant proved that the presently claimed injuries were received during the course of and arising out of his employment. Essentially, the court concluded that the reference to the previously allowed condition did not cause material prejudice to the appellant, TNT Holland Motor Express. Thus, the holding in Evans offers no support for appellant's argument.
For the foregoing reasons, we find that the trial court's attitude in precluding the admission of testimony concerning previously allowed conditions was not unreasonable, arbitrary, or unconscionable. Therefore, appellant's Assignment of Error No. I is found not well-taken.
In Assignment of Error No. II, appellant contends that the trial court committed prejudicial error by failing to respond to the jury's question of whether it could find in appellant's favor if it determined that he had a "disc bulge" rather than a "herniated disc." Appellant argues that based upon the evidence offered at trial, the jury could have concluded that a disc bulge and a herniated disc were the same and returned a verdict finding that appellant was entitled to participate in the workers' compensation fund.
When during the course of its deliberations, a jury requests further instruction, clarification, or information, a trial court has broad discretion in determining how it will respond. State v. Carter (1995),72 Ohio St.3d 545, 553. Therefore, the standard applicable to this assignment of error is also whether the common pleas court abused that discretion. Id.
In the case under consideration, appellant's claim was for a herniated disc throughout the administrative proceedings and on appeal to the common pleas court. The court's jury instructions and the verdict forms all named a herniated disc as the condition underlying appellant's claim. Appellant did not object to the instructions or verdict forms.
Furthermore, a reading of the record of this case reveals that appellee's defense was that appellant's condition was not a herniated disc, but was a disc bulge, a condition separate and distinct from appellant's claimed condition. Appellant maintained that the conditions were one and the same. In the "battle of the experts," it is clear from the jurors' question, as well as their answer to the only interrogatory, that they found the testimony of Dr. Sutherland had greater credibility and weight than that of Dr. Hoffman. Thus, based on the circumstances of this case, the trial judge provided the jury with the only response that he could possibly provide. That is, he told the jury to look to the verdict form which listed the alleged injury, a herniated disc, pled and pursued as a basis for appellant's claim throughout the course of the proceedings below. Accordingly, we find that the trial court did not abuse its discretion in the manner in which it responded to the jury's question, and appellant's Assignment of Error No. II is found not well-taken.
Appellant's Assignment of Error No. III urges that the trial court committed prejudicial error in denying his oral motion to amend the complaint to include the additional condition of "disc bulge." Appellant maintains that his motion was made pursuant to Civ.R. 15(B). Appellant made this motion only after the jury posed its question to the judge during deliberations.
Civ.R. 15(B) is liberally construed in an effort to decide cases on their merits. Hall v. Bunn (1984), 11 Ohio St.3d 118, 121, However, that liberality is not limitless. Freeman v. Cleveland Clinic Foundation
(1998), 127 Ohio App.3d 378, 376. The rule applies only when an amendment would "conform to the evidence" and when an issue has been tried by either the "express or implied consent of the parties." Stateex rel. Evans v. Bainbridge Twp. Trustees (1983), 5 Ohio St.3d 41, 44. An implied amendment of pleadings is impermissible where it would result in a substantial prejudice to a party. Id. at 45.
A trial court's determination on the question of whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion. Wilmington Steel Products, Inc. v.Cleveland Electric Illum. Co. (1991), 60 Ohio St.3d 120, 122. Therefore, appellant must again demonstrate that in denying his motion the trial court committed more than an error of law and that the denial was unreasonable, arbitrary, or unconscionable. Id.
Upon review, we find no abuse of discretion here. The issue of whether appellant actually suffered from a disc bulge was not really tried by either the express or implied consent of the parties. Appellant argued that a disc bulge was a condition identical to a herniated disc. It was appellee who, in its defense, stated that the two conditions were not the same. It would therefore be highly prejudicial to appellee's case if the court would have allowed the amendment based upon appellee's defense. In sum, in making his motion after the jury raised the question as to whether it could determine that he was entitled to participate in the workers' compensation fund, appellant was, in effect, saying to the trial court that if we lose on our claim for a herniated disc, we would like to retry the case on a new condition — a disc bulge. Consequently, the trial court did not abuse its discretion in denying appellant's motion to amend his complaint, and appellant's Assignment of Error No. III is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] The decision of a staff hearing officer under R.C. 4123.511(D) is the decision of the commission for the purposes of R.C. 4123.512 unless the commission hears an appeal pursuant to R.C. 4123.511(E).