OPINION
{¶ 1} Bonnie and Bruce Williams ("appellants"), appeal the April 25, 2001 judgment entry of the Trumbull County Court of Common Pleas, striking appellants' amended complaint. The motion to strike was made by Associates in Female Health, Inc. ("appellees") pursuant to Civ.R. 12(F) of the Ohio Rules of Civil Procedure.
{¶ 2} Appellants' original complaint in this matter was filed with the Trumbull County Court of Common Pleas on October 30, 1997. In that complaint, appellants were seeking damages for alleged injuries arising out of a medical procedure, performed on Bonnie Williams' bladder, by appellees. After a tortured procedural history, including the recusal of two trial judges, appellants voluntarily dismissed their claim, without prejudice, on January 28, 2000, pursuant to Civ.R. 41(A)(2).
{¶ 3} On January 25, 2001, appellants filed an amended complaint with the Trumbull County Court of Common Pleas. Subsequently, appellees filed a motion to strike the amended complaint on February 21, 2001. On March 5, 2001, appellants filed a motion for leave to file an amended complaint by interlineation. On April 25, 2001, the trial court granted appellees' motion to strike, due to a lack of jurisdiction over appellants' amended complaint. This timely appeal followed[1]. Appellants assert two assignments of error for review.
 {¶ 4} "[1.] The trial court erred in dismissing Appellant's complaint where Appellant had amended the caption before any responsive pleading had been filed.
 {¶ 5} "[2.] The trial court erred in striking Appellant's complaint for lack of jurisdiction, where the substance of the complaint demonstrated that the Court had jurisdiction."
{¶ 6} Since these assignments of error are intertwined, we will proceed to address them collectively. A trial court's decision to grant or overrule a motion to strike is within its sound discretion and will not be overturned on appeal absent a showing of abuse of discretion. Wade v.Gehrlein (June 30, 1992), 11th Dist. No. 91-T-4592, 1992 Ohio App. LEXIS 3426, at 4. An abuse of discretion is more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. For the following reasons, we affirm the decision of the trial court in this matter.
{¶ 7} In reviewing appellants' arguments, we find it necessary to look first at the effects of appellants' voluntary dismissal. This voluntary dismissal was made on January 28, 2000, pursuant to Civ.R. 41(A)(2). A voluntary dismissal pursuant to Civ.R. 41 is considered a failure otherwise than upon the merits for purposes of the savings statute R.C. 2305.19. Chadwick v. Barba Lou Inc.(1982), 69 Ohio St.2d 222, syllabus. Once a voluntary dismissal has been filed under Civ.R. 41(A)(2), a plaintiff may refile his/her case only as provided by the Ohio "Savings Statute." Costell v. Toledo (1988), 38 Ohio St.3d 221. Appellants, in the present matter, were required to refile their case in accordance with R.C. 2305.19. That section, in pertinent part, provides: "[i]n an action commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence anew action within one year after such date. * * *" (emphasis added.)
{¶ 8} In the instant case, appellants voluntarily dismissed their original action on January 28, 2000. Appellants then apparently attempted to refile their case on January 25, 2001. The record before us indicates that the pleading filed by appellants with the trial court on January 25, 2001, was an "amended" complaint, and was filed under the old case number. Under Ohio Law, an amended complaint, although filed within the one-year time limit specified in the statute, is not deemed to be a new action in accordance with the savings statute. Roof v. Elias (Apr. 11, 1997), 6th Dist. No. L-96-207, 1997 Ohio App. LEXIS 1404, at 3. As a result, although appellants' attempted refiling was within the saving statute's one-year limit, it was not a new action.
{¶ 9} In their bid to avoid the consequences of filing an amended complaint, appellants argue that the pleading filed was "inadvertently" labeled an amended complaint. Determination of the issue in this case is not dependent on the intentions, good or bad, of appellants in the filing of the second pleading. Rather, resolution of this case must be based upon the substantive effect of appellants' actions. Even if appellants had intended to file a new action in this matter, the record fails to substantiate such a filing.
{¶ 10} Appellants argue that the pleading filed on January 25, 2001, "was verbatim the same as the previously dismissed complaint * * *." Furthermore appellants argue that pleadings are to be liberallyconstrued in an effort to decide cases on their merits. Hall v. Bunn
(1984), 11 Ohio St.3d 118, 121. However, that liberality is not limitless. Freeman v. Cleveland Clinic Foundation (1998),127 Ohio App.3d 378, 376.
{¶ 11} Appellants also argue that appellants' intent to file a new action is supported by the use of the word "complaint" in the opening sentence of their second pleading, as opposed to the phrase "amended complaint". Detrimental, however, to that particular argument, is the fact that appellants had amended their pleadings three times in the original action, and all three of those amended complaints used only the word "complaint" in the opening sentence of the pleading. Thus, appellants' argument is again found to be without merit.
{¶ 12} The record also demonstrates that appellants failed to file a new case cover sheet with the clerk's office when they filed their "amended" complaint. The case was also filed under the old case number. Furthermore, the record indicates that appellants did not pay a new filing fee when appellants filed the "amended" complaint on January 25, 2001. One of the requirements for refiling a complaint properly once it has been dismissed under Civil Rule 41 is that the plaintiff pay a second filing fee. Thomas v. Freeman (1997), 79 Ohio St.3d 221. The facts, as evidenced by the record before this court, give no indication that appellants inadvertently labeled the pleading as an "amended" complaint. This court can come to but one conclusion on the nature of the pleading filed by appellants on January 25, 2001. The pleading filed by appellants on January 25, 2001, was properly recognized by the trial court as an amended complaint.
{¶ 13} Having determined that the pleading filed by appellants on January 25, 2001, was an amended complaint; we will proceed to review the trial court's disposition of said pleading. Appellants filed the amended complaint on January 25, 2001.[2] On February 21, 2001, almost a month later, appellees filed their motion to strike the amended complaint for lack of jurisdiction. Prior to February 21, 2001, appellants argue that under Civ.R. 15(A), appellants had an absolute right to amend their pleading without leave of court because a responsive pleading had not yet been filed by the appellees. However, the record fails to indicate appellants tried to file any amended pleadings under Civ.R. 15(A) prior to that date. Additionally, appellants are incorrect in their assertion. Appellants could not have amended their amended complaint in this case. Therefore, in order to properly revive their case under the savings statue, appellants were required to file a new complaint by January 28, 2001. The record is clear that appellants failed to do so in this case. Appellants counter with the argument that appellants did file a motion for leave to file an amended complaint by interlineation on March 5, 2001. In support of that argument, appellants direct this court to Peterson v.Teodosio (1973), 34 Ohio St.2d 161. In Peterson, the court held in part that: "* * * where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, * * * and no reason is apparent or disclosed for denying leave, the denial of leave to file such an amended complaint is an abuse of discretion." Id.
{¶ 14} In attempting to invoke Peterson, appellants seek harbor in unsafe waters. By using Peterson to support appellants' argument, appellants incorrectly assume that the trial court had the jurisdiction to address the motion to amend by interliniation, when in fact the court had no such jurisdiction. Once a plaintiff files a notice of dismissal, no action remains pending before the court, and the court generally no longer has jurisdiction to allow an amended complaint. Logsdon v.Nichols (1995), 72 Ohio St.3d 124.
{¶ 15} As previously mentioned, an amended complaint filed under the savings statute does not constitute a new action within the framework of the savings statue. Roof, supra. As a result, the trial court had no jurisdiction to consider appellants' second pleading. Logsdon, supra. If appellants had wished to satisfy the requirements of the savings statute, appellants should have filed a new action, obtained a new case number with a new case cover sheet, and paid a new filing fee. Appellants did not do so in this case. As a result, appellants' amended complaint failed to meet the requirements of the savings statute. Based on Logsdon and Roof, the trial court in this case was without jurisdiction to accept, or act on, appellants' amended complaint, or the subsequent motion to amend the amended complaint. Therefore, the trial court had no choice but to grant appellees' motion to strike either under Civ.R. 12(F), or by converting the motion to a motion to dismiss under Civ.R. 12(B) and then granting such a dismissal motion. In either case, the trial court correctly found that it did not have jurisdiction to proceed in this matter.
{¶ 16} For the foregoing reasons, we find that appellants' first and second assignments of error are without merit. The April 25, 2001, judgment entry of the Trumbull County Court of Common Pleas is hereby affirmed.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.
[1] It should be noted, that the Trumbull County Clerk of Courts filed an affidavit stating that due to clerical error, the parties did not receive a copy of the judgment entry until June 25, 2001. As a result, the appellants' notice of appeal, filed on July 19, 2001, became timely.
[2] It should also be noted, that the summons served on the appellees as a part of appellants' second filing indicated that the pleading was an amended complaint.