DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, William Wilson, appeals from the decision of the Summit County Court of Common Pleas, granting Appellee's motion for summary judgment. We affirm.
 I. {¶ 2} On August 5, 2003, Merrill Lynch Mortgage Lending, Inc, Appellee by substitution, filed a complaint commencing judicial foreclosure on real property commonly known as "West Market Property" ("the Property"), located in *Page 2 
Akron, Ohio. Appellant, in his capacity as second leinholder on the Property, was named in the suit.
 {¶ 3} The relevant facts underlying the issues before this Court on appeal are as follows: Fairway Associates was an Ohio Limited Partnership with an Ohio General Partner, Rodeo Drive. Appellant was president of Rodeo Drive. Appellant and Fairway owned the Property. In 1996, Appellant and Fairway delivered a mortgage on the Property to Sun Life Assurance Company. In 1999, Fairway and Appellant entered into a sales agreement with Bailey Road Shopping Center ("Buyer"). The sales agreement contained as a condition a balloon payment, which coincided with the maturity of the earlier Sun Life Mortgage. The sales agreement was divided into two installment contracts. Buyer took possession of the property, but did not take title. Title would vest on July 15, 2001, when the balloon payments under the land contracts were paid, totaling $4,300,000. Buyer was to obtain financing to meet the balloon payment deadline. Between the time of the sales agreement and July 15, 2001, Buyer and Appellant were in contact with Appellee regarding financing for the purchase. In August of 2001, Appellee issued a loan commitment to Buyer for $3,850,000. Therefore, Buyer did not obtain sufficient funds to pay the full purchase price under the sales agreement. To complete the sales contract, Buyer delivered a promissory note to Appellant for the remainder of the purchase price. Appellant accepted delivery of the note, secured by a second lien on the property, as payment, and closed on the *Page 3 
sale of the Property. Appellant collected payments on his note over the next 18 months.
 {¶ 4} Eventually, Buyer defaulted on its loan obligations to Appellee. Appellee filed its complaint commencing judicial foreclosure on August 5, 2003. On September 2, 2003, Appellant filed leave to plead by certification pursuant to Loc. R. 7.13(a). This was granted, and Appellant was given until September 25, 2003 to respond. However, on September 12, 2003, Appellee filed an amended complaint. Appellant filed his motion for extension of time to file a responsive pleading on October 20, 2003, asking the trial court for an additional 60 days to respond to Appellee's amended complaint. The trial court granted Appellant's motion on October 29, 2003. Appellant filed his answer to the complaint along with his affirmative defenses and a cross-claim on January 26, 2004. On July 19, 2004, Appellee filed its motion for summary judgment. On October 22, 2004, Appellant filed a motion for leave to amend his answer to include counterclaims for: 1) fraudulent misrepresentation, 2) aiding and abetting fraud, 3) conspiracy to commit fraud, and 4) concealment. On November 1, 2004, Appellant filed a supplement to his motion to include the affirmative defense and counterclaim of equitable estoppel. Appellee filed a brief in opposition. On January 20, 2005, Appellant filed an answer to Appellee's motion for summary judgment. On August 12, 2005, Appellee re-filed its motion for summary judgment and Appellant filed a notice of re-filing his response to the summary judgment motion *Page 4 
and included his motion to amend his answer to conform with the evidence under Civ. R. 15(B). On December 1, 2005, Appellee filed its reply memorandum in support of its motion for summary judgment. On January 6, 2006, the trial court denied Appellant's motions to amend his answer and granted summary judgment to Appellee. Appellant appealed from the January 6, 2006 order and this Court dismissed it for lack of a final appealable order. The trial court then entered a "Decree in Foreclosure Final and Appealable" dated September 18, 2006. Appellant then filed his timely notice of appeal, asserting three assignments of error. We have rearranged the assignments of error to facilitate our review.
 II. ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT CONCLUDING THAT [APPELLANT] COULD NOT SET FORTH A VALID PRIMA FACIE CASE GROUNDED IN THE TORT-BASED CLAIM OF FRAUDULENT MISREPRESENTATION AND EQUITY-BASED CLAIM OF EQUITABLE ESTOPPEL BY ERRONEOUSLY APPLYING THE STATUTE OF FRAUDS AND RELYING ON THE FLAWED REASONING OF THE COCHRAN CASE."
 {¶ 5} In his second assignment of error, Appellant contends that the trial court erred in granting Appellee's motion for summary judgment by concluding that he could not set forth a valid prima facie case for his claims of fraudulent misrepresentation and equitable estoppel. Appellant further contends that the trial court erred when it applied the statute of frauds to defeat his claims. Finally, *Page 5 
Appellant contends that the trial court erred when it relied on the reasoning of the Cochran case. We do not agree.
 {¶ 6} We are mindful that Appellant's assignment of error provides a roadmap for the court and directs this Court's analysis of the trial court's judgment. See App. R. 16. We construe Appellant's assigned error as attacking the trial court's denial of his motion for leave to amend his response to Appellee's complaint. Based upon the claims in his amended answer, Appellant contends that summary judgment was improperly granted. A review of the record shows that Appellant's claims of equitable estoppel and fraud were never before the trial court to review and could not form a basis for the denial of Appellee's summary judgment motion. In its grant of summary judgment, the trial court noted,
 "[p]rior to addressing summary judgment, this Court will address [Appellant's] motion to amend his answer to include the counterclaim of fraudulent misrepresentation against [Appellee]. * * * [Appellant] filed a supplemental pleading asserting that he should also be permitted to include a claim of equitable estoppel. [Appellant] asserts that pursuant to Civ. R. 15(A) that leave to amend shall be freely given when justice so requires. [Appellant] sets forth that the Court should consider whether there is actual prejudice to [Appellee] because of the delay and that [Appellant] must make a prima facie showing to support their claims."
 {¶ 7} The trial court then proceeded to analyze whether Appellant could make a prima facie showing to support his claim of fraudulent misrepresentation and equitable estoppel, determining that such claims were barred by the statute of frauds. Accordingly, the trial court denied Appellant leave to amend to add these *Page 6 
claims. Although we affirm the trial court's denial of Appellant's request to amend, we affirm on alternate grounds.
 "It is well established in Ohio that `a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92. Further, this Court has held that `an appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial.' (Citation omitted.) Cook Family Invests. v. Billings, 9th Dist. Nos. 05CA008689 05CA008691, 2006-Ohio-764, at ¶ 19." Schaaf v. Schaaf, 9th Dist. No. 05CA0060-M, 2006-Ohio-2983, at ¶ 19.
 {¶ 8} A motion for leave to amend the pleadings is governed by Civ. R. 15. We review the trial court's determination under this Rule for abuse of discretion. See RPM, Inc. v. Oatey Co., 9th Dist. No. 3282-M, 3289-M,2005-Ohio-1280, at ¶ 55-58. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. Under Civ. R. 15(A), if a party seeks to amend a pleading
 "to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."
 {¶ 9} In the instant case, Appellant filed his motion to amend his answer nearly ten months after filing his answer. Therefore, Appellant could only amend his pleading by leave of the court. The court did not initially respond to this *Page 7 
motion. Appellant's second attempt at amending his answer was in conjunction with his response to Appellee's re-filing its motion for summary judgment. Appellant stated that under Civ. R. 15(B) he was entitled to amend his answer to include the counterclaims brought forth in his first motion.
 {¶ 10} Civ. R. 15(B) states in pertinent part that
 "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."
 {¶ 11} We first note Civ. R. 15(B) "deals with amending the complaint to conform to the evidence at trial. There has been no trial in this case, and the use of Civ. R. 15(B) was inappropriate." Suriano v.NAACP, 7th Dist. No. 05 JE 30, 2006-Ohio-6131, at ¶ 2. We next note that even if we were to apply the rule, Appellee clearly did not expressly or impliedly consent to trying the issues Appellant attempted to raise through his proposed counterclaims. Appellee filed its brief in opposition to Appellant's motion for leave to amend, stating that the motion is "very clearly a blatant tactic in delay," and that the "proposed counterclaims are wholly without merit, and accordingly [Appellant] should not be allowed to assert them at this late date." Appellee did, however, mention fraud in its motion for summary judgment, insofar as to address Appellant's allegation of *Page 8 
fraud as an affirmative defense. In his answer to the complaint, Appellant stated that Appellee's "averments, allegations and claims are barred because of fraud." This clearly does not meet the requirements of Civ. R. 9(B) which states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Appellee did not consent to trying these issues simply by addressing an improperly pled affirmative defense. We therefore must look to determine whether the trial court abused its discretion in overruling Appellant's motion for leave to amend under Civ. R. 15(A). We find that it did not.
 {¶ 12} "`[T]he language of Civ. R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party.'" L.E. Sommer Kidron, Inc v. Kohler, 9th Dist. No. 06CA0044,2007-Ohio-885, at ¶ 35, quoting Hoover v. Sumlin (1984),12 Ohio St.3d 1, 6. A party may be prejudiced when an opposing party seeks to assert defenses at a time when the party could not adequately prepare to litigate them. Id. at ¶ 36, citing St. Mary's v. Dayton Power LightCo. (1992), 79 Ohio App.3d 526. Here, the motion to amend was filed nearly 13 months after the amended complaint was filed, three months after Appellee's motion for summary judgment was filed, and approximately two months prior to trial. Further, at the commencement of this case, Appellant received a 60 day extension to file an answer to Appellee's complaint. In Appellant's motion for an *Page 9 
extension to file an answer, he "respectfully requested] an additional 60 day extension in which to file a responsive pleading[.] * * * [Appellant] shall not be issued any additional leaves to plead thereafter." In this instance, the trial court did not abuse its discretion when it denied Appellant leave to amend. Therefore, the claims of equitable estoppel and fraudulent misrepresentation were not before the trial court and could not be a basis for the denial of Appellee's summary judgment motion. Accordingly, Appellant's assignment of error is overruled.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPLICITLY INVOKING THE DOCTRINE OF ELECTION OF REMEDIES TO LIMIT WILSON'S ASSERTION OF TORT AND EQUITY CLAIMS TO A CONTRACT-BASED ANALYSIS WHICH IS NOT FAVORED IN OHIO."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT BY ERRONEOUSLY APPLYING THE STONECREEK CASE TO CONCLUDE THAT THE STATUTE OF FRAUDS BARRED A FRAUD CLAIM."
 {¶ 13} As we have determined that Appellant's claims of equitable estoppel and fraudulent misrepresentation were not before the trial court as proper counterclaims or defenses to Appellee's motion for summary judgment, and therefore could not be a basis for a denial of summary judgment, we cannot address Appellant's remaining assignments of error. *Page 10 
 III. {¶ 14} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 11 
 SLABY, P. J. CARR, J. CONCUR *Page 1