[Cite as *Mayo v. Bethesda Lutheran Communities*, 2014-Ohio-3499.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100637**

# ANITA MAYO

PLAINTIFF-APPELLANT

vs.

# BETHESDA LUTHERAN COMMUNITIES, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-790523

**BEFORE:** Stewart, J., Boyle, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 14, 2014

**ATTORNEY FOR APPELLANT**

Alan I. Goodman
Alan I. Goodman Co., L.P.A.
55 Public Square, Suite 1300
Cleveland, OH    44113


**ATTORNEY FOR APPELLEES**

John F. Burke, III
Burkes Law, L.L.C.
614 West Superior Avenue
Rockefeller Building, Suite 1500
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant Anita Mayo filed this action against her former employer Bethesda Lutheran Communities and its agent, Elizabeth Safady, following the termination of Mayo's employment. Prior to trial, Mayo filed a motion seeking to amend her complaint and pursue her action against the defendants under a statute different from the one noted in her complaint. The court denied the motion.

{¶2} On appeal, Mayo argues that the court wrongfully denied her motion to amend her complaint or to grant a continuance so that the complaint could be amended. Finding no merit to these arguments, we affirm the decision of the trial court.

{¶3} Bethesda Lutheran Communities runs residential services for individuals with developmental disabilities. Anita Mayo, a former employee, claims that she was wrongfully terminated after she reported suspected financial improprieties on the part of a program manager at the organization. Mayo filed a complaint in August 2012[1] alleging that she had a statutory duty under R.C. 3721.22 to report to the Cuyahoga County Board of Developmental Disabilities suspicious activity causing harm to the residents at the facility where she worked. In response to her report, Mayo claims her employer

---

[1] In March 2011, Mayo and her husband had filed a complaint reflecting these events. In February 2012, Mayo amended the complaint asserting new allegations. The defendants answered the complaint with affirmative defenses and moved for summary judgment. The trial court denied the motion in part. Before trial began on the remainder of the claims, Mayo dismissed her lawsuit without prejudice pursuant to Civ.R. 41(A).

retaliated against her in violation of R.C. 3721.24 by demoting her, creating a hostile work environment, and ultimately terminating her employment.

{¶4} Bethesda Lutheran answered the complaint asserting numerous affirmative defenses. The court set the case for a June 2013 trial, but in May 2013 Mayo moved to postpone the trial. The court rescheduled the case for an October 2013 trial. The day before trial, Mayo filed a motion pursuant to Civ.R.15(B) to amend her complaint to reference a different chapter of the revised code (R.C. 5123.61) covering abuse of individuals with developmental disabilities. She did not attach to the motion a copy of the proposed amended complaint.

{¶5} On the day of trial, Mayo addressed the court and asked if she could amend her complaint and pursue her action against Bethesda Lutheran under R.C. 5123.61. She argued that R.C. 5123.61 and 3721.22 are so similar that one could be substituted for the other and that the operative facts most pertinent to the case were the same whether the case was pleaded in accordance with either statute. She further noted that each provision addresses wrongful termination of employees whose dismissal was in retaliation for reporting abuses of their clients to governmental authorities. Aside from stating that she made an error in which provision was applicable to her cause of action, Mayo offered no explanation for the over one-year-long delay from the time she filed her complaint to the day before trial to realize that she filed her cause of action under the wrong statute.

**{¶6}** Bethesda Lutheran objected to the motion to amend stating that it was untimely and prejudicial. The trial court denied the motion finding that the two statutes are not so similar in nature as to be interchangeable at the last minute, and that allowing Mayo to amend her complaint right before trial was to commence would be highly prejudicial to the defense. The court also noted that Mayo did not comply with Loc.R. 8(D) by failing to attach a copy of the amended complaint to her motion. Mayo stated to the court that under the statute cited in the current complaint, she had no cause of action and elected not to proceed to trial. Consequently, the court dismissed the case with prejudice.

**{¶7}** On appeal, Mayo argues that the trial court wrongfully denied her Civ.R.15(B) motion to amend her complaint. She also argues that the court failed to grant her a continuance to amend the complaint.

**{¶8}** Civ.R.15(B) provides: "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The rule provides further that an amendment can be made at any time, even after judgment, and is to be liberally construed in an effort to decide cases on their merits. *Id. See also Monroe v. Youssef*, 11th Dist. Trumbull No. 2009-T-0012, 2012-Ohio-6122, ¶ 67, citing *Hall v. Bunn*, 11 Ohio St.3d 118, 121, 464 N.E.2d 516 (1984). Courts may deny motions to amend where there is a showing of bad faith, undue delay, or undue prejudice to an opposing party. *Mitchell v. Lemmie*, 2d Dist. Montgomery No. 21511, 2007-Ohio-5757, ¶ 75.

**{¶9}** Whether to grant or deny a Civ.R. 15(B) motion to amend pleadings is within the discretion of the trial court. *Everhart v. Everhart* (*In re Estate of Everhart*), 12th Dist. Fayette Nos. CA2013-07-019, CA2013-09-026, 2014-Ohio-2476. In order to find an abuse of that discretion, an appellate court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Grimes v. Grimes*, 4th Dist. Washington No. 10CA23, 2012-Ohio-3562, _ 17.

**{¶10}** The trial court properly denied Mayo's motion as Civ.R. 15(B) deals with amendments to pleadings to allow them to conform to the evidence presented at trial. In cases where there has been no trial, reviewing courts have found the use of Civ.R. 15(B) inappropriate. *See Merrill Lynch Mtge. Lending, Inc. v. 1867 W. Market, L.L.C.*, 9th Dist. Summit No. 23443, 2007-Ohio-2198, _ 11; *Suriano v. NAACP*, 7th Dist. Jefferson No. 05 JE 30, 2006-Ohio-6131, _ 83. Even if a motion pursuant to Civ.R. 15(B) was appropriate under the circumstances, Mayo's motion still fails to meet the requirements of the rule as a trial court may deny a motion under Civ.R. 15(B) for undue delay. In this case, Mayo failed to show good cause for the delay between the August 2012 filing of the complaint and the October 2013 motion when she sought to amend the complaint. The trial court properly determined that the motion was untimely.

**{¶11}** Civ.R.15(A) allows a party to amend its pleading once within 28 days after serving it or with the opposing party's written consent or by leave of the court, and "[t]he court shall freely give leave when justice so requires." Civ.R.15(A). In this case, Mayo could not prevail under section (A) either. Mayo was clearly outside of 28 days

from serving her complaint when she moved to amend it, and Bethesda Lutheran's lack of consent was manifest by its objection to the motion. Although the rule provides that leave should be freely granted when justice requires, the court determined that justice would not be served by allowing Mayo to amend her complaint the day before, or the day of, trial. To the contrary, the court found that doing so would be unfair and prejudicial to Bethesda Lutheran.

{¶12} Mayo's argument that the provisions she cites to under Chapters 3721 and 5123 are so similar as to be interchangeable is incorrect. There are substantial differences between the statutes. For instance, R.C. 3721.22 applies only to long-term care facilities. R.C. 3721.21(A) defines long-term care facilities as nursing homes or a facility, or part of a facility, that is certified as a skilled nursing facility. Additionally, the duty to report abuses under this provision applies only to licensed health professionals. *See* R.C. 3721.22(A). Retaliation for reporting abuses is prohibited under R.C. 3721.24 and investigations of these allegations fall under the purview of the director of health. *See* R.C. 3721.23.

{¶13} In contrast, R.C. 5123.61 imposes a duty to report suspected abuse or neglect of a person with mental retardation or developmental disabilities on several classes of people. This list of individuals having that duty includes individuals such as school teachers, physicians and attorneys in certain instances, hospital administrators or other healthcare employees, and members of the clergy. R.C. 5123.61(L) prohibits

retaliation against an employee as a result of the employee's having made a report under this section.

{¶14} The group home for developmentally disabled individuals provided by Bethesda Lutheran is not a long-term care facility as defined by R.C. 3721.21. Additionally, Mayo concedes that she is not a licensed health professional. Therefore, Mayo is correct that she had no cause of action under Chapter 3721, but the trial court properly found that allowing her to amend her complaint on such short notice would not have given Bethesda Lutheran fair opportunity to address the allegations under R.C. 5123.61. We therefore overrule Mayo's first assignment of error.

{¶15} Lastly, relating to Mayo's second assignment of error that the trial court erred by failing to grant her a continuance, we find that Mayo never moved the court for a continuance. The record reflects that Mayo's only mention of a continuance is within the context of her Civ.R.15(B) motion where she tells the court that under the rule, the court may grant a continuance to allow the objecting party the opportunity to adjust its arguments based on new evidence. The court responded by informing Mayo that either she had to go forward with the trial on her current complaint or it would dismiss her case. Mayo informed the court multiple times that, although she was not dismissing her case, she was not prepared to go forward without the ability to amend her complaint. However, she never requested or moved the court for a continuance, so we summarily overrule this assigned error.

{¶16} Judgment affirmed.

It is ordered that appellees recover of appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.        A        certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, JUDGE

MARY J. BOYLE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR