[Cite as *Forrester v. Mercker*, 2016-Ohio-3080.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kenneth W. Forrester, | : | |
| Plaintiff-Appellant, | : | No. 15AP-833 |
| | | (C.P.C. No. 13CV-6791) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Kent Mercker et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on May 19, 2016

**On brief:** *The Behal Law Group LLC, Gilbert J. Gradisar,* and *Jeffrey A. Eyerman,* for appellant. **Argued:** *Gilbert J. Gradisar.*

**On brief:** *Hrabcak & Company, L.P.A., Michael Hrabcak,* and *Benjamin B. Nelson,* for appellees. **Argued:** *Michael Hrabcak.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Plaintiff-appellant, Kenneth W. Forrester, appeals the September 2, 2015 decision and entry of the Franklin County Court of Common Pleas denying appellant's motion to amend his complaint to conform to the evidence at trial and granting the motion of defendants-appellees, Kent and Julie Mercker, to deny appellant's request to add a claim for attorney fees. For the following reasons, we affirm the judgment of the trial court.

I. Facts and Procedural History

{¶ 2} The facts relevant to this matter are not in dispute. In 2011, the parties entered into an agreement for appellant to renovate appellees' home. Appellees timely

paid appellant $347,363.82 for services rendered under the contract. On May 4, 2012, appellant sent appellees a final invoice requesting payment in the amount of $9,772.49. Appellees did not render payment on the May 4, 2012 invoice.

{¶ 3} On October 19, 2012, appellant filed a complaint in the Franklin County Municipal Court alleging breach of contract, among other claims. In his complaint, appellant alleged that the parties entered into an agreement that "was memorialized in a written contract signed by all parties on or about September 25, 2011." (Complaint, 2.) Appellant did not attach a copy of the contract to his complaint, stating that "[d]espite diligent search on the part of Mr. Forrester, a copy of the contract could not be located." (Complaint, 2.) Appellant further stated that "[a] copy of the contract is believed to be in defendants' possession." (Complaint, 2.) Appellant requested damages "in the amount of $9,772.49" and further requested reimbursement of "his costs incurred in this action, interest at the statutory rate accruing from the judgment date, and for such other relief, both legal and equitable, as this Court deems appropriate." (Complaint, 4.)

{¶ 4} On April 18, 2013, appellees filed an answer and counterclaim. Appellees did not attach a copy of the contract to the counterclaim. On the same date, appellees filed a motion to transfer venue to the common pleas court because the relief sought by appellees exceeded the jurisdictional limit of the municipal court. On May 3, 2013, the municipal court filed an entry granting appellees' motion to transfer venue to the common pleas court. On July 24, 2013, appellant filed an answer to appellees' counterclaim.

{¶ 5} On March 27, 2014, appellees filed a motion for partial summary judgment. On April 9, 2014, appellant filed a combined memorandum contra appellees' motion for summary judgment and a cross-motion for summary judgment. On April 11, 2014, appellees filed a motion to strike appellant's cross-motion for summary judgment. On June 9, 2014, the trial court filed a decision and entry denying appellees' motion for partial summary judgment and granting appellees' motion to strike.

{¶ 6} On February 9, 2015, the parties filed a joint stipulation of facts. In the stipulation, the parties agreed that they entered into a contract, but were unable to locate a signed version of the contract. The parties attached an "unsigned version of the contract" to the stipulation, which they stated was "in all material respects, identical to the

signed version of the contract that the parties have been unable to locate." (Joint Stipulation, 1.)

{¶ 7}   Thereafter, the case proceeded to trial. According to the parties, appellant orally requested at trial to amend his complaint to clarify that he sought attorney fees.[1] The trial court declined to rule on the request until after trial, essentially bifurcating the issue of attorney fees, and ordered the parties to submit briefs on the issue by March 6, 2015.  On February 12, 2015, appellant filed a written motion to amend the complaint to conform to the evidence at trial.   Appellant asserted that under the contract, a non-breaching party was able to recover damages "including a reasonable attorney's fee." (Motion, 2.)   On February 13, 2015, the jury returned a verdict, finding that appellees breached the contract and awarding compensatory damages to appellant in the amount of $9,772.49.

{¶ 8}   On March 6, 2015, appellees filed a post-trial motion to deny appellant's request to add a claim for attorney fees.  Also on March 6, 2015, appellant filed a brief in support of his entitlement to attorney fees. On September 2, 2015, the trial court filed a decision and entry denying appellant's motion to amend the complaint to conform to the evidence at trial and granting appellees' motion to deny appellant's request to add a claim for attorney fees.

## II.  Assignments of Error

{¶ 9}   Appellant assigns two errors for this court's review:

> I. The trial judge's decision not to allow amendment to conform to the stipulations was reversible error.
>
> II. The trial judge's decision not to allow Mr. Forrester to recoup his attorneys' fees was a grievous error that amounts to a per se abuse of discretion.

Because appellant's assignments of error are interrelated, we discuss them together.

## III.  Discussion

{¶ 10} In his assignments of error, appellant argues the trial court erred by denying his request to amend his complaint to conform to the evidence presented at trial, thereby

---

[1] We note that a transcript of the trial has not been filed with this court and therefore is not a part of the record before us.

preventing recovery of attorney fees provided under the contract. Appellees respond that, by waiting until the commencement of trial to amend his complaint, appellant's actions constituted undue delay.

{¶ 11} Attorney fees are generally not recoverable in contract actions, consistent with the "American Rule" which requires each party to litigation to pay its own attorney fees in most circumstances. *Stonehenge Land Co. v. Beazer Homes Invests., LLC*, 177 Ohio App.3d 7, 2008-Ohio-148, ¶ 34 (10th Dist.), citing *Sorin v. Bd. of Edn. of Warrensville Hts. School Dist.*, 46 Ohio St.2d 177, 179 (1976). However, an exception allows for the recovery of attorney fees if the parties contract to shift fees. *Id.*, citing *McConnell v. Hunt Sports Ent.*, 132 Ohio App.3d 657, 699 (10th Dist.1999), citing *Pegan v. Crawmer*, 79 Ohio St.3d 155, 156 (1997).

{¶ 12} Civ.R. 15(B) provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Thus, the rule provides that an "amendment can be made at any time, even after judgment, and is to be liberally construed in an effort to decide cases on their merits." *Mayo v. Bethesda Lutheran Communities,* 8th Dist. No. 100637, 2014-Ohio-3499, ¶ 8, citing *Monroe v. Youssef*, 11th Dist. No. 2009-T-0012, 2012-Ohio-6122, ¶ 67, citing *Hall v. Bunn*, 11 Ohio St.3d 118, 121 (1984). *See Stormont v. Tenn-River Trading Co., Inc.*, 10th Dist. No. 94APG08-1272 (Apr. 27, 1995). The trial court is to permit the amendment after an objection if the following criteria are met: "(1) the presentation of the case's

merits will be subserved thereby; and (2) the objecting party does not satisfy the court that admission of the evidence would prejudice him in maintaining his case upon the merits." *Hall* at 121.

{¶ 13} "Under Civ.R. 15(B), in order to justify the exclusion of evidence on the basis of prejudice, the objecting party must satisfy the court that admission of such evidence will put him to serious disadvantage in presenting his case." *Id.* at 122. Generally, surprise alone is rejected as a basis for exclusion. *Id.* "In determining whether surprise actually exists, the extent to which the objecting party had knowledge of the disputed evidence is often considered." *Id.* "Moreover, even in the event an objecting party is not prepared for evidence offered outside the pleadings the court may still allow an amendment under Civ.R. 15(B) and grant a continuance to enable the objecting party to meet the new evidence." *Id.*

{¶ 14} A reviewing court will not reverse a trial court's decision to grant or deny a Civ.R. 15(B) motion to amend the pleadings absent an abuse of discretion. *Stormont*; *Mayo* at ¶ 9, citing *Everhart v. Everhart (In re Estate of Everhart)*, 12th Dist. No. CA2013-07-019, 2014-Ohio-2476. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 15} In its decision, the trial court found that "[u]pon review of the parties' briefings and consideration of all the relevant circumstances, the Court finds that Defendant has demonstrated that he would be unduly prejudiced were the Court to allow Plaintiff to amend his Complaint at this stage of the proceedings." (Decision, 3.) Further, the court stated that "[i]t would be unfair to allow Plaintiff to so greatly alter the scope of his claim after approximately two and a half years of lititgation." (Decision, 3.) As a result, the court denied appellant's motion to amend his complaint to conform to the evidence at trial.

{¶ 16} Here, we cannot say that the trial court's decision was unreasonable, arbitrary, or unconscionable.[2] As a result, we cannot find that the trial court abused its discretion in denying appellant's motion to amend his complaint pursuant to Civ.R. 15(B).

---

[2] We note that the applicability of Civ.R. 54(C) was not raised by the parties.

{¶ 17} Accordingly, we overrule appellant's first and second assignments of error.

## IV.  Conclusion

{¶ 18} Having overruled appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.

———————————